IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROWENA DZIUBLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-4542 |
| | ) | |
| J.C. ANDERSON, INC. and | ) | |
| PETER ERLING JACOBSEN, | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF JAMES SCHUMACHER**

Pursuant to 28 U.S.C. § 1746, I, James Schumacher, hereby declare as follows:

1.      I have personal knowledge of the matters set forth herein and I am competent to testify as to those matters.

2.      I am the Chairman and Co-Owner of J.C. Anderson, Inc. ("JCA"), which is one of the oldest (1879) and largest interiors contractors in the Chicagoland area. On September 18, 2017, I attended "The Kev" golf outing, which is a golf fundraiser sponsored by JCA in memory of former JCA President and Chief Financial Officer, Kevin Radoha. "The Kev" was held at River Forest Country Club located in Elmhurst, Illinois. I helped organize the event, which benefits the family of Kevin Radoha and cancer research.

3.      Peter Jacobsen was the celebrity guest at "The Kev" in 2017. Mr. Jacobsen is a professional golfer and commentator. During the event, I escorted Mr. Jacobsen in a golf cart to each hole to allow him to meet the guests and provide golf instruction. At one point, Mr. Jacobsen and I drove to the second hole where there was a group of golfers approaching the green. Mr. Jacobsen got out of the golf cart, met the golfers, and offered to show them how to hit a chip shot. I parked the golf cart and got out to join them.

1



4.    At some point, then-JCA employee Rowena Dziubla drove up to the second hole and joined the group, and Mr. Jacobsen instructed Ms. Dziubla on how to hit a chip shot. I was approximately 10 to 15 feet away from Mr. Jacobsen and Ms. Dziubla when he provided the instruction, and I was located at a slight angle facing Ms. Dziubla. I was the closest person to Mr. Jacobsen and Ms. Dziubla when he was instructing her on how to hit a chip shot. There was nothing obstructing my view of Mr. Jacobsen and Ms. Dziubla. This was the only time I saw Mr. Jacobsen interact with Ms. Dziubla on the golf course that day.

5.    I never observed Mr. Jacobsen touch Ms. Dziubla in a harmful or offensive manner, nor did I see Mr. Jacobsen touch Ms. Dziubla's buttocks, hips, or waist. Additionally, I did not observe Mr. Jacobsen touch Ms. Dziubla in a sexual manner, and I never saw Mr. Jacobsen act inappropriately in any way. Based on my observations, Ms. Dziubla did not react negatively or appear upset during or after her interaction with Mr. Jacobsen.

6.    Mr. Jacobsen told a golf joke while we were with the group on the second hole, which referenced iron and wood golf clubs. Mr. Jacobsen did not direct the joke at Ms. Dziubla. After providing golf instruction to the group, Mr. Jacobsen took a photograph with the group including Ms. Dziubla. Ms. Dziubla did not say anything to me during the golf outing about her interaction with Mr. Jacobsen.

7.    I accompanied Mr. Jacobsen throughout the course of the golf event and Mr. Jacobsen acted in an entirely professional and appropriate manner. From what I observed, Mr. Jacobsen never harmfully or offensively touched anyone at any time, and Mr. Jacobsen provided golf instruction in the same manner to both men and women.

2

JCA 001938

8.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on this **20**ᵀᴴ day of June, 2019.

*James M. Schumacher*
James Schumacher

3

JCA 001939